United States District Court for the Western District of Wisconsin

FILED/REC'D

2026 JUL 28 A 9:55

CLERK OF COURT
U.S. DIST. COURT

Davenell L. Ash,
Plaintiff,

26-cv-696-jdp

v.

Kelly J. Thimm, Chad Lalor, Todd Carlson, Darcy LaFlam, Rosalyn Byrd, and John/Jane Does 1-10,
Defendants.

## Civil Complaint for Damages, Declaratory Relief, and Injunctive Relief

Plaintiff Davenell L. Ash, appearing pro se, alleges as follows:

1. Nature of the Action

   1. This is a civil-rights action seeking damages, declaratory relief, and injunctive relief for alleged retaliation, malicious prosecution, unlawful surveillance, interference with housing and employment, and related constitutional violations arising from conduct allegedly committed under color of law in Wisconsin and related conduct connected to Superior, Wisconsin.

   2. Plaintiff alleges that after attempting to seek help and report misconduct, Defendants escalated retaliation through an entrapment sting operation, false warrants, continued surveillance, and actions that allegedly interfered with Plaintiff's ability to obtain housing, employment, and personal safety.

2. Jurisdiction and Venue

   3. This Court has subject-matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. sections 1331 and 1343 because the complaint asserts claims arising under the United States Constitution and 42 U.S.C. sections 1983 and 1985.

   4. Supplemental jurisdiction over related state-law claims exists under 28 U.S.C. section 1367 because those claims arise from the same alleged nucleus of operative facts.

   5. Venue is proper in the Western District of Wisconsin under 28 U.S.C. section 1391(b) because a substantial part of the events or omissions giving rise to the claims allegedly occurred in Superior, Wisconsin, including the eviction matter, alleged surveillance, alleged retaliatory conduct, and alleged acts tied to the underlying prosecution.

3. Parties

6. Plaintiff Davenell L. Ash is a resident of Duluth, Minnesota.

7. Defendant Kelly J. Thimm is alleged to have acted as a Wisconsin circuit judge since 2016 in Douglas County and to have taken actions connected to the Plaintiff's human trafficking and torture for profit accessing public funding and programs fraudulently under color of law.

8. Defendant Chad Lalor is alleged to have acted as a prosecutor involved in the malicious prosecution and participates in the ongoing human trafficking and torture conspiring with Judge Kelly Thimm for profit accessing public funding and programs fraudulently under color of law.

9. Defendant Todd Carlson is alleged to have acted as a law-enforcement officer involved in the alleged arrests, surveillance, retaliatory conduct actions connected to the Plaintiff's human trafficking and torture for profit accessing public funding and programs fraudulently under color of law.

10. Defendants Darcy LaFlam and Rosalyn Byrd are alleged to have acted as informants and cooperating actors involved in the actions connected to the Plaintiff's human trafficking and torture for profit accessing public funding and programs fraudulently under color of law.

Plaintiff does not yet know the identities of additional responsible persons and therefore sues John and Jane Does 1-10 until discovery permits amendment.

4. Factual Allegations

12. In 2016, Ms. Ash was poisoned in her home after a forced move due to an in home invasion. An eviction judgment was entered against Plaintiff in Douglas County Case No. 2016SC000889, with Judge Kelly J. Thimm judgement as the responsible official establishing harassment conducive to harassment origination in Minnesota.

13. In a November 27, 2024 letter responding to Plaintiff's request to seal the eviction file, Judge Thimm stated that Plaintiff had not provided a legal basis to seal the record in spite of the hospital records confirming poisoning after 10 years and then confirmed continued stay of the eviction record to cause barriers for housing.

14. Plaintiff alleges that the entrapment sting operation and malicious prosecution damaged her clean back ground history ultimately blocking her from employment opportunities and prolonging background checks for months.

15. Plaintiff further alleges that Defendants engaged in or enabled a pattern of retaliation after Plaintiff exercised her constitutional rights and sought intervention from courts and public authorities.

16. According to the complaint, Plaintiff alleges an entrapment sting operation, malicious prosecution, false warrants, false imprisonment, break-ins, vandalism, theft, and unlawful audio and video surveillance.

17. Plaintiff alleges that Judge Thimm and Prosecutor Lalor is currently participating in and enabled retaliatory actions connected to the prosecution and related surveillance campaign.

18. Plaintiff alleges that law-enforcement and informant defendants participated in stalking, electronic interception, unlawful monitoring, and coordinated harassment.

19. Plaintiff further alleges that Defendants' actions interfered with Plaintiff's housing, business operations, employment prospects, communications, access to services, and physical safety.

20. In Plaintiff's July 2026 statement, Plaintiff alleges continuing stalking, coordinated public harassment, and ongoing retaliatory conduct extending into 2026.

21. Plaintiff alleges that these actions were intentional, retaliatory, and undertaken under color of law or in concert with state actors.

5. Claims for Relief

Count I — 42 U.S.C. Section 1983: Fourth Amendment Unlawful Search and Surveillance

22. Plaintiff realleges paragraphs 1 through 21.

23. Plaintiff alleges that Defendants, acting under color of state law, subjected Plaintiff to warrantless surveillance, interception, and monitoring without lawful authorization.

24. As a direct and proximate result, Plaintiff alleges invasion of privacy, emotional distress, loss of liberty, and related damages.

Count II — 42 U.S.C. Section 1983: Fourteenth Amendment Due Process and Equal Protection

25. Plaintiff realleges paragraphs 1 through 21.

26. Plaintiff alleges that Defendants used legal process, court access, prosecutorial action, and public-record consequences in a retaliatory and arbitrary manner that deprived Plaintiff of fair treatment and impaired access to housing, employment, and court remedies.

27. Plaintiff further alleges selective, retaliatory, and conscience-shocking conduct sufficient to state a due-process claim.

Count III — 42 U.S.C. Section 1983: Malicious Prosecution and False Imprisonment

28. Plaintiff realleges paragraphs 1 through 21.

29. Plaintiff alleges that Defendants initiated or continued criminal proceedings without probable cause, including alleged false warrants and unlawful detention after probation had expired.

30. Plaintiff alleges that these actions caused incarceration, reputational harm, emotional distress, and additional collateral consequences.

Count IV — 42 U.S.C. Section 1983: First Amendment Retaliation

31. Plaintiff realleges paragraphs 1 through 21.

32. Plaintiff alleges that after reporting misconduct and seeking judicial or governmental intervention, Defendants retaliated through surveillance, prosecution, stalking, and interference with housing, employment, and business activity.

33. Plaintiff alleges that the retaliatory acts would deter a person of ordinary firmness from continuing to petition the government or exercise protected rights.

Count V — 42 U.S.C. Section 1985: Conspiracy to Interfere with Civil Rights

34. Plaintiff realleges paragraphs 1 through 21.

35. Plaintiff alleges that Defendants reached an understanding to engage in coordinated retaliation, unlawful surveillance, and deprivation of constitutional rights, and committed overt acts in furtherance of that conspiracy.

36. Plaintiff alleges resulting injury to person, property, housing access, employment opportunities, and constitutional rights.

Count VI — State-Law Claims

37. Plaintiff realleges paragraphs 1 through 21.

38. Plaintiff asserts related Wisconsin-law claims to the extent supported by the facts and not barred by immunity, including invasion of privacy, civil conspiracy, abuse of process, and any other tort claims supported by amendment after further factual development.

39. Plaintiff also seeks any relief available under Wisconsin law arising from the alleged interference with housing, employment, and personal security.

6. Injunctive and Declaratory Relief

40. Plaintiff alleges ongoing harm and seeks prospective injunctive relief to prevent further retaliation, unlawful surveillance, and interference with housing, employment, and personal security.

41. Plaintiff also seeks a declaration that the challenged conduct, if proven, violated Plaintiff's constitutional rights.

7. Damages

42. As a result of Defendants' alleged conduct, Plaintiff claims loss of housing opportunities, loss of employment and business opportunities, emotional distress, reputational harm, physical injury, and other compensable damages.

43. Plaintiff seeks compensatory damages, punitive damages against appropriate defendants in their individual capacities, costs, and any other relief authorized by law.

8. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

- Enter judgment in Plaintiff's favor on the federal and state claims asserted herein.

- Award compensatory damages in an amount to be proven at trial.

- Award punitive damages against the individual defendants where legally available.

- Issue declaratory relief stating that the challenged conduct violated Plaintiff's rights.

- Issue preliminary and permanent injunctive relief prohibiting further retaliation, unlawful surveillance, and interference with housing and employment, to the extent permitted by law.

- Award costs and any available fees under 42 U.S.C. section 1988 where applicable.

- Grant such other and further relief as the Court deems just and proper.

9. Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: 7/17/2026

Davenell L. Ash, Pro Se
P.O. Box 7081
Duluth, MN 55807
218-355-8947